930 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
George KELLEY, Defendant-Appellant.
 No. 90-2009.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1991.
 
 Before RALPH B. GUY, JR. and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 George Kelley, a federal prisoner, appeals pro se from the district court order granting the United States's emergency motion for an order voiding a notice of lis pendens. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the appellant's brief and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kelley was convicted following a jury trial of several federal narcotics crimes. Certain real property in the City of Detroit known as the Fill Building was forfeited to the United States under 21 U.S.C. Sec. 853 pursuant to that conviction. The case was affirmed on direct appeal by this court. United States v. Kelley, 849 F.2d 999 (6th Cir.), cert. denied, 488 U.S. 982 (1988). Certain third parties filed a petition challenging the forfeiture and claiming an interest in the property. The denial of their petition was also affirmed by this court in an unpublished decision. Kelley then filed a motion to vacate sentence under 28 U.S.C. Sec. 2255 alleging ineffective assistance of counsel. While the denial of that motion was pending appeal in this court, he filed a notice of lis pendens on the forfeited property. The United States filed an emergency motion to void the notice, which was granted by the district court. The denial of Kelley's Sec. 2255 motion was subsequently affirmed by this court.
 
 
 3
 On appeal, Kelley contends that the district court erred in voiding his notice of lis pendens while his appeal of the collateral attack on his conviction was pending. He also asserts that he intends to file another Sec. 2255 motion, and that the district court's order is denying him access to the courts.
 
 
 4
 Upon consideration, it is concluded that the government's motion was properly granted. 21 U.S.C. Sec. 853n(7) provides that following the disposition of third party petitions challenging a criminal forfeiture, the United States obtains clear title and may warrant such to a subsequent purchaser. A criminal defendant is not entitled to cloud the title to forfeited property by filing collateral attacks on his conviction.
 
 
 5
 In its brief, the government argues that its sale of the property in question moots the appeal. Because the issue is one that is capable of repetition yet evading review, see South Pacific Terminal v. ICC, 219 U.S. 498, 515 (1911), we decline to dismiss the appeal as moot. Instead, we will affirm on the merits.
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.